LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs and FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MANUEL CRUZ and FERNANDO PEREZ
*on behalf of themselves and*
*FLSA Collective Plaintiffs*,

       Plaintiff,

v.

KINJO, INC d/b/a GUNBAE,
ANDY LAU and RAYMOND [LNU]

       Defendants.

Case No.:

**COLLECTIVE ACTION COMPLAINT**

**Jury Trial Demanded**

Plaintiffs, MANUEL CRUZ and FERNANDO PEREZ (hereinafter, "Plaintiffs"), on behalf of themselves and FLSA Collective Plaintiffs, by and through their undersigned attorney, hereby file this Complaint against Defendants, KINJO, INC d/b/a GUNBAE, ANDY LAU and RAYMOND [LNU] (each individually, "Defendant", or collectively, "Defendants"), and states as follows:

1

## INTRODUCTION

1. Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that they and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid minimum wages, (3) unpaid wages due to time-shaving, (4) unlawfully retained tips, (5) unlawful retaliation, (6) liquidated damages and (7) attorneys' fees and costs.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over state law claims of Plaintiffs and FLSA Collective Plaintiffs pursuant to 28 U.S.C. §1367.

3. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

4. Plaintiff, MANUEL CRUZ, is a resident of New York County.

5. Plaintiff, FERNANDO PEREZ, is a resident of Kings County.

6. Upon information and belief, Defendant, KINJO, INC d/b/a GUNBAE, is a domestic business corporation organized under the laws of New York, with an address for service of process at 41 Elizabeth Street, 2nd Floor Suite 2000, New York, New York, 10013 and the principal place of business at 67 Murray Street, New York, NY 10007.

7. Defendant ANDY LAU is the Chairman or Chief Executive Officer of Defendant, KINJO, INC d/b/a GUNBAE.

8. Defendant, RAYMOND [LNU], is a principle of Defendant, KINJO, INC d/b/a GUNBAE.

9. ANDY LAU, and RAYMOND [LNU] exercised control over the terms and conditions of Plaintiffs' employment and those of FLSA Collective Plaintiffs. With respect to Plaintiffs and other FLSA Collective Plaintiffs, they exercised their power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment.

10. At all relevant times, Defendant, KINJO, INC d/b/a GUNBAE, was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

11. At all relevant times, the work performed by Plaintiffs and FLSA Collective Plaintiffs was directly essential to the business operated by Defendants.

12. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13. Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons employed by Defendants on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

14. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them minimum wage, overtime premium at the rate of one and one-half times the regular rate for work in excess of forty (40) hours per workweek. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

15. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## STATEMENT OF FACTS

16. In or about September 2016, Plaintiff MANUEL CRUZ was hired by Defendants and/or their predecessors, as applicable, to work as a delivery person for Defendants' restaurant located at 67 Murray Street, New York, NY, 10007.

17. Plaintiff MANUEL CRUZ was unlawfully terminated by Defendants on or about November 28, 2018.

18. During the employment of Plaintiff, MANUEL CRUZ, by Defendants, he worked over forty (40) hours per week.

19. Plaintiff MANUEL CRUZ was scheduled to work from 4:30 p.m. to 10:30 p.m. for five days a week and from 11:30 a.m. to 9 p.m. for one day a week. Plaintiff CRUZ was therefore scheduled to work thirty-nine and half (39.5) hours each week.

20. However, Plaintiff MANUEL CRUZ always worked beyond his scheduled shift. Plaintiff was always required to start working forty-five (45) minutes before his shift's start time, and continue to work for forty-five (45) minutes after the end of his scheduled shift. Therefore, Plaintiff MANUEL CRUZ worked a total of nine (9) hours each week without compensation.

21. Throughout Plaintiff MANUEL CRUZ's employment with Defendants, he was only compensated for his scheduled shift and never received overtime compensation.

22. From the start of his employment until December 2017, MANUEL CRUZ received an hourly rate of $7.50. Starting from January 2018, MANUEL CRUZ received an hourly rate of $8.65.

23. In or about March 2016, Plaintiff FERNANDO PEREZ was hired by Defendants and/or their predecessors, as applicable, to work as a delivery person for Defendants' restaurant located at 67 Murray Street, New York, NY, 10007.

24. Plaintiff FERNANDO PEREZ's employment with Defendants ended in or about December 2016.

25. During his employment, Plaintiff FERNANDO PEREZ worked over forty (40) hours per week.

26. Plaintiff FERNANDO PEREZ was scheduled to work from 4:30 p.m. to 10:30 p.m. for six days a week. Plaintiff FERNANDO PEREZ was therefore scheduled to work thirty-six (36) hours each week.

27. However, Plaintiff FERNANDO PEREZ always worked beyond his scheduled shift. Plaintiff was always required to start working forty-five (45) minutes before his shift's start time, and continue to work for forty-five (45) minutes after the end of his scheduled shift. Therefore, Plaintiff FERNANDO PEREZ worked a total of nine (9) hours each week without compensation.

28. Throughout Plaintiff FERNANDO PEREZ's employment with Defendants, he received an hourly rate of $7.50.

29. Based on Plaintiffs' direct observations and conversations with other employees, FLSA Collective Plaintiffs and Class members worked similar schedules and were not compensated for all the hours worked, due to Defendants' time shaving policy.

30. Furthermore, Plaintiffs and FLSA Collective Plaintiffs suffered from Defendants' policy of automatically and indiscriminately deducting a $3 meal credit from their wages for each day that they worked. However, Plaintiffs and FLSA Collective Plaintiffs were unable to take any meal breaks because they were always too busy.

31. Throughout Plaintiffs' employment with Defendants, Defendants unlawfully deducted at least 3.5 % of Plaintiff's tips.

32. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and FLSA Collective Plaintiffs the FLSA overtime rate (of time and one-half).

33. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage to the Plaintiffs and FLSA Collective Plaintiffs.

34. Defendants took an improper tip credit with respect to Plaintiffs and all other tipped employees of the Defendants given Defendants' failure to: (i) provide proper notice to employees of their tipped credit minimum wage rate and the proper overtime rate thereon, (ii) maintain records of tips earned by employees, (iii) maintain a proper tip pool because management and non-tipped employees participated in the tip pool and (iv) provide proper wage statements to employees showing deductions for tip credit allowance.

35. Defendants also caused Plaintiffs and other tipped employees to spend more than 2 hours or 20% of their shift on non-tipped activities, such as preparing salad, packing up deliveries, packing rice and other foods, and carrying ingredients from basement to the kitchen.

36. Furthermore, upon discovering that Plaintiff MANUEL CRUZ intends to bring a lawsuit against them, Defendants retaliated against Plaintiff MANUEL CRUZ by unlawfully terminating Plaintiff MANUEL CRUZ.

37. On or about November 7, 2018, Plaintiff MANUEL CRUZ sent a demand letter to

Defendants, notifying Defendants of Plaintiff MANUEL CRUZ's claims and urging that Defendants or their counsel to contact Plaintiff MANUEL CRUZ's counsel to facilitate a possible resolution.

38. On or about November 28, 2018, Defendants retaliated against Plaintiff MANUEL CRUZ by unlawfully terminating Plaintiff, in violation of the FLSA.

39. Plaintiff retained Lee Litigation Group, PLLC to represent him and other employees similarly situated in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

40. Plaintiffs reallege and reaver Paragraphs 1 through 39 of this Complaint as if fully set forth herein.

41. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

42. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

43. Upon information and belief, at all relevant times, Defendant, KINJO, INC, had gross revenues in excess of $500,000.

44. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and FLSA Collective Plaintiffs for their hours worked in excess of forty (40) hours per workweek.

45. Defendants failed to pay Plaintiffs and FLSA Collective Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

46. Plaintiffs and FLSA Collective Plaintiffs worked hours for which they were not paid by Defendants the statutory minimum wage.

47. At all relevant times, the Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs and FLSA Collective Plaintiffs for their hours worked.

48. At all relevant times, the Defendants had a policy and practice of refusing to pay Plaintiffs and FLSA Collective Plaintiffs for all of their hours worked due to Defendants' policy of time-shaving.

49. At all relevant times, the Defendants failed to provide a tip credit notice to Plaintiffs and FLSA Collective Plaintiffs.

50. At all relevant times, the Defendants knowingly and willfully required Plaintiffs and FLSA Collective Plaintiffs to spend more than 20% of their time performing non-tipped activities.

51. Records, if any, concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs are in the possession and custody of the Defendants. Plaintiffs and FLSA Collective Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

52. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and FLSA Collective Plaintiffs at the

statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

53. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

54. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

55. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs suffered damages, plus an equal amount as liquidated damages.

56. Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## RETALIATION UNDER THE FAIR LABOR STANDARDS ACT

57. Plaintiff MANUEL CRUZ realleges and reavers Paragraphs 1 through 56 of this Complaint as if fully set forth herein.

58. Upon discovering that Plaintiff MANUEL CRUZ was preparing to bring the current lawsuit, Defendants retaliated against Plaintiff by unlawfully terminating Plaintiff.

59. Defendants' actions constituted a violation of Section 15(a)(3) of the FLSA. 29 U.S.C. 215 (a)(3).

60. Plaintiff MANUEL CRUZ suffered economic loss and mental distress from Defendants' retaliatory actions and having his employment compromised.

61. Due to Defendants' retaliation under the FLSA, Plaintiff MANUEL CRUZ is entitled to recover from Defendants compensatory damages, punitive damages and all other penalties from Defendants the Court deems appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and FLSA Collective Plaintiffs, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA;

d. An award of unpaid minimum wages due under the FLSA;

e. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wages and accrued tips pursuant to 29 U.S.C. § 216;

g. An award of unpaid wages due under the FLSA due to Defendants' policy of time-shaving;

i. An award of compensatory and punitive damages for Defendants' retaliation against Plaintiff under the FLSA;

j. An award of statutory penalties, and prejudgment and post-judgment interest;

k. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

l. Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: March 6, 2019

        Respectfully submitted,

        LEE LITIGATION GROUP, PLLC
        C.K. Lee (CL 4086)
        Anne Seelig (AS 3976)
        30 East 39th Street, Second Floor
        New York, NY 10016
        Tel.: 212-465-1188
        Fax: 212-465-1181
        *Attorneys for Plaintiffs and FLSA Collective Plaintiffs*

By:    */s/ C.K. Lee*
       C.K. Lee, Esq. (CL 4086)